Matter of City Council of City of Jamestown v Town Council of Town of Ellicott (2019 NY Slip Op 06287)





Matter of City Council of City of Jamestown v Town Council of Town of Ellicott


2019 NY Slip Op 06287


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


562 OP 17-01942

[*1]IN THE MATTER OF CITY COUNCIL OF CITY OF JAMESTOWN, PETITIONER,
v
TOWN COUNCIL OF TOWN OF ELLICOTT AND BOARD OF TRUSTEES OF VILLAGE OF FALCONER, RESPONDENTS. FALCONER CENTRAL SCHOOL DISTRICT, INTERVENOR-RESPONDENT. (PROCEEDING NO. 1.) 






BOND SCHOENECK & KING, PLLC, SYRACUSE (STEPHANIE M. CAMPBELL OF COUNSEL), FOR PETITIONER.
HARRIS BEACH PLLC, BUFFALO (PIETRA G. ZAFFRAM OF COUNSEL), FOR RESPONDENTS AND INTERVENOR-RESPONDENT. 


 Proceeding pursuant to General Municipal Law article 17 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to General Municipal Law § 712) for a declaration that a proposed annexation of land to the City of Jamestown is in the over-all public interest. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: In an original proceeding pursuant to General Municipal Law § 712, the City Council of City of Jamestown (petitioner) seeks a determination that the proposed annexation of approximately four acres of land located in the Town of Ellicott and the Village of Falconer is in the over-all public interest. In a separate proceeding pursuant to CPLR article 78 and General Municipal Law § 711 (3), the City of Jamestown (City) seeks to annul respondents' respective determinations that the City's annexation petition failed to comply with the provisions of General Municipal Law article 17. The article 78 proceeding was transferred to this Court by order of Supreme Court, and we consolidated it with the original proceeding (see General Municipal Law § 712 [3]).
We agree with respondents that petitioner's original proceeding is untimely. The General Municipal Law allows for an original proceeding to be brought in the Appellate Division "[i]n the event that one or more but not all of the governing boards of the affected local governments shall determine that it is not in the over-all public interest to approve the proposed annexation" (§ 712 [1]). The proceeding must be brought "within thirty days after the filing in the office of the county clerk of the order by which such determination was made" (§ 712 [2]; see also § 711 [5]). Here, petitioner seeks review of respondents' orders, each of which determined that annexation was not in the over-all public interest and each of which was filed in the office of the Chautauqua County Clerk on September 13, 2017. Petitioner's original proceeding, commenced on November 8, 2017, was therefore untimely.
Contrary to petitioner's contention, General Municipal Law
§ 712 (2) does not require that the governing boards of all of the affected local governments must have filed their respective orders in the office of the county clerk in order to trigger the 30-day period. Instead, by its terms, the limitations period commences upon the filing of "the order by which such determination [that annexation is not in the overall public interest] was made" (id. [*2][emphasis added]). Contrary to petitioner's further contention, section 712 did not require either respondent to notify petitioner that such an order had been filed with the county clerk in order to begin the 30-day period.
We therefore dismiss the petition in the original proceeding as untimely. Because we dismiss the petition in the original proceeding, i.e., the proceeding by which review can be had of respondents' determinations that annexation is not in the public interest, we dismiss the City's CPLR article 78 petition as academic. In light of our determination, we do not address petitioners' remaining contentions.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court